**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARRY FISHER, | ) |
| Plaintiff | ) |
| v. | ) **CASE NO:** |
| EOS CCA, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

HARRY FISHER ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New York and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### **PARTIES**

5. Plaintiff is a natural person residing in Rochester, New York.

6. Plaintiff is a non-debtor harmed by an "improper debt practice", therefore granted a cause of action under the FDCPA. See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., 2000 W.L 1448635 (S.D.N.Y. 2000); Dutton v. Wolhard, 809 F.Supp. 1130 (D. Del. 1992).

7. Defendant is a debt collection company with its corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts, 02061.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect a debt of someone named "Michael Jefferson" from Plaintiff.

11. Upon information and belief, Plaintiff has no outstanding debt to any creditor or debt collector, including Defendant, and has never gone by the name "Michael Jefferson."

12. Upon information and belief, the alleged debt arose out of transactions that were primarily for personal, family or household purposes.

13. In or around January, 2011, Defendant's representatives began making harassing debt collection calls to Plaintiff's cellular telephone.

14. The calls derived from numbers including, but not limited to (800) 256-3376. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant's representative left deceptive and misleading messages on Plaintiff's cellular telephone, which stated, "This call is for Michael Jefferson.  If you are not Michael

Jefferson, please hang up and call 1-800-256-3376, to remove this number from our records.  If you do not hang up, you are acknowledging that you are Michael Jefferson. . . ."

16. The harassing telephone calls continued on a near-daily basis through November 2011.

17. Plaintiff has contacted Defendant's representatives on more than one occasion as indicated to do in the voicemail message left on his answering machine.

18. Each time Plaintiff advised Defendant that it was calling the wrong telephone number, that Plaintiff did not know "Michael Jefferson" and that Defendant should remove his telephone number.

19. Despite the fact that Plaintiff has repeatedly told Defendant's representatives that he is not the alleged debtor and that he does not know "Michael Jefferson", Defendant's representatives continue to telephone Plaintiff's cellular telephone.

20. Plaintiff never consented to Defendant contacting him on his cellular telephone and made numerous attempts to stop such calls.

21. Defendant's telephone calls to Plaintiff's cellular telephone were for non-emergency purposes.

22. Defendant's actions as described herein were taken with intent to harass, annoy, and coerce Plaintiff into paying a debt that he does not owe.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff hereby incorporates all facts and allegations specified in all preceding paragraphs by reference, as if fully set forth at length.

24. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated § 1692d of the FDCPA when it harassed, oppressed, and abused Plaintiff in an attempt to collect a debt;

    c. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff and Plaintiff's telephone to ring repeatedly and continuously; and

    d. Defendant violated § 1692f of the FDCPA when it used unfair methods in order to collect the alleged debt from Plaintiff.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff hereby incorporates all facts and allegations specified in all preceding paragraphs by reference, as if fully set forth at length.

26. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

27. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

28. A non-debtor has a vastly greater privacy interest from debt collection telephone calls to a cellular telephone than an individual who is a debtor. Watson v. NCO Group Inc., 462 F.Supp. 2d 641 (E.D. Pa. 2006).

29. Despite the fact that Plaintiff is a non-debtor who never consented to Defendant making calls to his cellular phone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

30. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a cellular telephone for non-emergency purposes, without the prior express consent of the called party, unless the call is initiated for emergency purposes.

31. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

WHEREFORE, Plaintiff, HARRY FISHER, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Statutory damages of $500 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B); and

e. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, HARRY FISHER, demands a jury trial in this case.

                                RESPECTFULLY SUBMITTED,

                                /s/ CRAIG THOR KIMMEL
Craig Thor Kimmel
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

DATED:  01/04/2012

6

PLAINTIFF'S COMPLAINT